IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FIRST MERCURY INSURANCE COMPANY, an Illinois company, | ) ) ) | CIVIL NO. 12-00461 LEK-KSC |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| CLAYTON A. RIVIERA, doing business as Leeward Roofing and General Contracting, RAM CORPORATION, doing business as Allied Builders System, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT/COUNTER CLAIMANT CLAYTON A. RIVERA'S MOTION FOR ABSTENTION OR, IN THE ALTERNATIVE, TO STAY AND GRANTING DEFENDANT RAM CORPORATION'S SUBSTANTIVE JOINDER**

On August 7, 2013, Defendant/Counter Claimant Clayton A. Rivera, doing business as Leeward Roofing and General Contracting ("Leeward"), filed its Motion for Abstention or, in the Alternative, to Stay ("Motion"). [Dkt. no. 31.] Defendant RAM Corporation, doing business as Allied Builders System ("Allied"), filed a substantive joinder in the Motion ("Joinder") on August 14, 2013. [Dkt. no. 36.] Plaintiff/Counterclaim Defendant First Mercury Insurance Company ("First Mercury") filed its memorandum in opposition on August 26, 2013, and Leeward filed its reply on August 30, 2013. [Dkt. nos. 38, 39.] This matter came on for hearing on September 16, 2013. Appearing on behalf of Leeward were Alan Van Etten, Esq., and Aaron Loeser, Esq., and appearing on behalf of Allied was Edmund Saffery, Esq.

Appearing on behalf of First Mercury was David Harada-Stone, Esq. After careful consideration of the Motion and the Joinder, supporting and opposing memoranda, and the arguments of counsel, Leeward's Motion and Allied's Joinder are HEREBY GRANTED, and the instant action is HEREBY STAYED, for the reasons set forth below.

## BACKGROUND

On August 13, 2012, First Mercury filed its Complaint for Declaratory Judgment ("Complaint") against Leeward and Allied (collectively "Defendants"). Jurisdiction in this matter is based on diversity jurisdiction. [Complaint at ¶ 4.]

First Mercury issued Commercial General Liability ("CGL") Policy NO. FMWA000976 to Leeward for the period December 31, 2009 to December 31, 2010 ("Policy").[1] [Id. at ¶ 17.] Pursuant to 28 U.S.C. § 2201, First Mercury seeks a declaratory judgment that it has no duty under the Policy to defend or indemnify either Leeward or Allied for the claims asserted in Jerome Kaapa v. RAM Corp., et al., Civil No. 12-1-0197-01 ("Underlying Action"), which Kaapa filed in the First

---

[1] A copy of the Policy is attached to First Mercury's memorandum in opposition to the Motion as Exhibit 2 to the Declaration of Christopher Crawford ("Crawford Declaration"). The Policy consists of multiple documents that are not consecutively paginated. The page numbers in this Court's citations to the Policy refer to the pages of Exhibit 2 as it appears in the cm/ecf system.

Circuit Court for the State of Hawai`i on January 23, 2012.[2]
[Id. at ¶¶ 5, 9.]

On January 26, 2010, Kaapa was assigned to a crew
working on the roof of a construction project at the Panasonic
Building in Aiea ("Project") when he fell through a skylight onto
a concrete floor approximately twenty-five to twenty-nine feet
below ("Incident").  [Id. at ¶¶ 10, 13.]  Kaapa alleges that he
"suffered serious and permanent physical injuries" as a result of
the Incident and incurred more than $1,171,105.32 in medical and
therapeutic expenses.  [Id. at ¶ 14.]  In addition, he has
suffered "extreme pain, emotional distress, mental anguish and
loss of enjoyment of life."  [Id.]

Kaapa alleges that Leeward and Allied "jointly
operated, controlled and/or administered" the Project.  [Id. at
¶ 10 (quotation marks omitted).]  Kaapa alleges that Allied was
the general contractor on the Project, Leeward was the roofing
subcontractor, and Iniki Enterprises ("Iniki") had a subcontract
with Leeward to perform roof demolition work.  Kaapa was either a
direct Iniki employee or an indirect employee through an employee
leasing firm.  [Id. at ¶¶ 11-12.]  Kaapa brings negligence and
strict liability (ultra hazardous activity) claims against
Allied, Leeward, Iniki, and Breckenridge Enterprises, Inc., doing

_____

[2] The First Amended Complaint, filed December 18, 2012 in
the Underlying Action, is attached to the Motion as Exhibit A to
the Declaration of Aaron Loeser ("Loeser Declaration").

business as AMS Staff Leasing II or AMS Staff Leasing (collectively "Underlying Defendants").  Kaapa alleges that the Underlying Defendants: did not provide a safe work environment; did not properly train their managers and supervisors; did not properly inspect the subcontractors' work; did not warn workers of potential hazzards; and did not utilize fall-prevention guards.  Kaapa seeks general, special, and punitive damages. [Id. at ¶¶ 15-16.]

First Mercury has defended Leeward pursuant to a reservation of rights.  On March 6, 2012, Allied tendered its defense of the Underlying Action to First Mercury based on the provisions of the subcontract between Allied and Leeward ("Subcontract").  [Id. at ¶¶ 26-27.]  First Mercury also states that it has defended Allied pursuant to a reservation of rights. [Mem. in Opp. at 15.]

First Mercury argues that, at the time of the Incident, Allied was not an additional insured under the Policy because the Subcontract is dated January 28, 2010, two days after the Incident, and Leeward signed the Subcontract on January 27, 2010, one day after the Incident.[3]  [Complaint at ¶¶ 28-29.]  In

_____

[3] Endorsement CVX-GL-5071 (06/2005) of the Policy ("Endorsement 5071") states:  **Who Is An Insured** . . . include[s] as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement

(continued...)

addition, First Mercury argues that the Policy's Contractual

Liability Exclusion precludes coverage for any claim by Allied

against Leeward.[4]  [Id. at ¶ 31.]  First Mercury also argues that

---

[3](...continued)
that such person or organization be added as an additional
insured on your policy. . . ."  [Policy at 38.]

[4] The Policy states:

> **2. Exclusions**
>      This insurance does not apply to:
>
>      . . . .
>
>           **b. Contractual Liability**
>                "Bodily injury" or "property damage" for
>                which the insured is obligated to pay
>                damages by reason of the assumption of
>                liability in a contract or agreement.
>                This exclusion does not apply to
>                liability for damages:
>                **(1)** That the insured would have in the
>                absence of the contract or agreement; or
>
>                **(2)** Assumed in a contract or agreement
>                that is an "insured contract", provided
>                the "bodily injury" or "property damage"
>                occurs subsequent to the execution of
>                the contract or agreement.  Solely for
>                the purposes of liability assumed in an
>                "insured contract", reasonable attorney
>                fees and necessary litigation expenses
>                incurred by or for a party other than an
>                insured are deemed to be damages because
>                of "bodily injury" or "property damage",
>                provided:
>
>                     **(a)** Liability to such party for, or
>                     for the cost of, that party's
>                     defense has also been assumed in
>                     the same "insured contract"; and
>
>                                     (continued...)

5

claims against Leeward arising out of operations of an independent contractor are not covered under the Policy unless the independent contractor had, at the time of the Incident, a CGL policy listing Leeward as an additional insured and providing coverage in the amounts required in the Independent Contractors Limitation of Coverage Endorsement in the Policy ("Independent Contractors Endorsement").[5]  In the instant case, however, the

---

[4](...continued)

> **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

[Policy at 7.]

 [5] The Independent Contractors Endorsement states, in pertinent part:

> This insurance does not apply to any claim, demand or suit arising out of operations performed for you by independent contractors unless such independent contractors have in force at the time of such occurrence commercial general liability insurance, listing you as an additional insured on said commercial general liability policy, and the limits of liability for such insurance are equal to or greater than those shown in the schedule below.

> GENERAL AGGREGATE LIMIT . . . $2,000,000
> PRODUCTS-COMPLETED OPERATIONS LIMIT $2,000,000
> PERSONAL INJURY LIMIT AND ADVERTISING
>  INJURY LIMIT $1,000,000
> EACH OCCURRENCE LIMIT $1,000,000

[Policy at 49.]

existence of coverage required by the Independent Contractors
Endorsement would render First Mercury's coverage excess.  First
Mercury also contends that other Policy exclusions may apply.
First Mercury therefore argues that it does not have a duty to
defend Leeward or Allied.  [Id. at ¶¶ 21, 32-34.]

In addition to the declaratory judgment, the Complaint
prays for reimbursement of the costs that First Mercury incurred
in the defense of the Underlying Action; an award of the
attorneys' fees and costs incurred in this case; and any other
appropriate relief.  [Id. at pg. 16.]

## STANDARD

This district court has set forth the following
analysis applicable to the determination of whether to dismiss or
stay a declaratory judgment action:

> Under the Declaratory Judgment Act, a
> district court has the "unique and substantial
> discretion" to decide whether to issue a
> declaratory judgment.  Wilton v. Seven Falls Co.,
> 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L. Ed. 2d
> 214 (1995).  The Declaratory Judgment Act states
> that "courts may declare the rights and other
> legal relations of any interested party seeking
> such declaration."  28 U.S.C. § 2201(a) (emphasis
> added).  Therefore, a district court is under no
> compulsion to exercise its jurisdiction.
> Brillhart v. Excess Ins. Co. of America, 316 U.S.
> 491, 494, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942).
>
> In cases where parallel state proceedings
> exist, "there is a presumption that the entire
> suit should be heard in state court."  Gov't
> Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225
> (9th Cir. 1998) (en banc) (citing Chamberlain v.
> Allstate Ins. Co., 931 F.2d 1361, 1366-67 (9th

7

Cir. 1991)).  Courts should avoid gratuitous
interference as it would be uneconomical and
vexatious for a federal court to proceed with a
declaratory judgment action in these situations.
Wilton, 515 U.S. at 282–83, 115 S. Ct. 2137
(citing Brillhart, 316 U.S. at 495, 62 S. Ct.
1173).  However, the existence of a pendent state
action does not automatically bar a request for
federal declaratory relief.  Chamberlain, 931 F.2d
at 1367.  Courts consider several relevant factors
in determining whether to exercise jurisdiction or
to dismiss or stay the declaratory judgment
proceeding.

In this analysis a court must proceed
cautiously, balancing concerns of judicial
administration, comity, and fairness to the
litigants.  Chamberlain, 931 F.2d at 1367.  The
Supreme Court cautioned district courts to (1)
avoid needless determination of state law issues;
(2) discourage litigants from filing declaratory
actions in an attempt to forum shop; and (3) avoid
duplicative litigation.  Dizol, 133 F.3d at 1225
(citing Brillhart, 316 U.S. at 494, 62 S. Ct.
1173); Chamberlain, 931 F.2d at 1367.  In addition
to the Brillhart factors, the Ninth Circuit has
suggested that district courts should consider the
following additional factors:

> "[W]hether the declaratory action will settle
> all aspects of the controversy; whether the
> declaratory action will serve a useful
> purpose in clarifying the legal relations at
> issue; whether the declaratory action is
> being sought merely for the purposes of
> procedural fencing or to obtain a 'res
> judicata' advantage; or whether the use of a
> declaratory action will result in
> entanglement between the federal and state
> court systems.  In addition, the district
> court might also consider the convenience of
> the parties, and the availability and
> relative convenience of other remedies."

Dizol, 133 F.3d at 1225 n.5 (citation omitted).

Finally, where a district court declines to
exercise jurisdiction over a declaratory judgment

> action, it "is authorized, in the sound exercise
> of its discretion, to stay or to dismiss" the
> action.  <u>Wilton</u>, 515 U.S. at 288, 115 S. Ct. 2137
> (emphasis added).  That said, "a stay will often
> be the preferable course, because it assures that
> the federal action can proceed without risk of a
> time bar if the state case, for any reason, fails
> to resolve the matter in controversy."  <u>Id.</u> at 288
> n.2, 115 S. Ct. 2137.

<u>Burlington Ins. Co. v. Panacorp, Inc.</u>, 758 F. Supp. 2d 1121,

1139-40 (D. Hawai`i 2010).

## DISCUSSION

### I.  **Brillhart Factors**

This Court begins by examining whether the <u>Brillhart</u>

factors weigh in favor of or against the exercise of jurisdiction

in this case.

#### A.  **Avoiding Needless Determinations of State Law Issues**

This district court has recognized that

> the factor concerning needless determination of
> state law issues focuses on:

>> unsettled issues of state law, not
>> fact-finding in the specific case.  The Ninth
>> Circuit has held that a district court
>> needlessly determines state law when: (1) the
>> state law issue in question is the subject of
>> a parallel proceeding; (2) the area of law is
>> expressly left to the states by Congress; and
>> (3) there is no compelling federal interest.
>> When the sole basis for federal jurisdiction
>> is diversity of citizenship, the federal
>> interest is at its nadir and the <u>Brillhart</u>
>> policy of avoiding unnecessary declarations
>> of state law is especially strong.

> <u>TIG [Ins. Co. v. Haseko Homes, Inc.</u>, Civ. Nos. 10-
> 00107 DAE-KSC, 10-00146 DAE-KSC, 10-00575 DAE-

KSC], 2011 WL 264315, at *10 [(D. Hawai`i Jan. 26, 2011)] (citations and internal quotation marks omitted).

Nat'l Union Fire Ins. Co. of Pittsburgh, Penn. v. Simpson Mfg. Co., 829 F. Supp. 2d 914, 921-22 (D. Hawai`i 2011) (footnote omitted).

The instant case, like National Union, is a diversity action dealing with issues of insurance law, an area of law expressly reserved to the states.  Thus, the instant case does not present a compelling federal interest, and the only contested issues as to the first Brillhart factor are whether the Underlying Action constitutes a parallel proceeding and whether this Court would need to address unsettled issues of state law that are before the state court in the Underlying Action.  See id. (citing 15 U.S.C. §§ 1011-12; TIG, 2011 WL 264315, at *14).

"[A] state proceeding [is] parallel to a federal declaratory judgment action when: (1) the actions arise from the same factual circumstances; (2) there are overlapping factual questions in the actions; or (3) the same issues are addressed by both actions."  Gemini Ins. Co. v. Clever Constr., Inc., Civ. No. 09-00290 DAE-BMK, 2009 WL 3378593, at *7 (D. Hawai`i Oct. 21, 2009).  The instant case and the Underlying Action do not have identical issues and parties.  First Mercury is not a party in the Underlying Action, and Kaapa is not a party in the instant case.  This, however, does not preclude a finding that the

actions are parallel proceedings.  In <u>National Union</u>, the district court stated:

> National Union notes that under Hawaii law, as a matter of public policy, an insurer cannot be a party to the suit deciding the underlying tort liability.  But that concept does not preclude a determination that this action is parallel with [the pending Hawaii state court action]; the Ninth Circuit has repeatedly noted that proceedings can be parallel where a party "could have presented the issues that it brought to federal court in a **separate action** to the same court that will decide the underlying tort action." <u>E.g.</u>, <u>Polido v. State Farm Mut. Auto. Ins. Co.</u>, 110 F.3d 1418, 1423 (9th Cir. 1997) (emphasis added) (*overruled in part on other grounds by* <u>Dizol</u>, 133 F.3d at 1227).

829 F. Supp. 2d at 923 n.16.  Allied and Leeward are defendants in both actions.  All parties appear to agree that Allied and Leeward had an agreement which required Leeward to indemnify Allied and to name Allied as an additional insured.  Both the instant case and the Underlying Counterclaim within the Underlying Action will address whether the agreement was in effect when the Incident occurred and, if so, what the form and terms of the agreement were at that time.

First Mercury argues that the two actions are not parallel proceedings because the issues in the Underlying Action are only superficially related to the instant case.  First Mercury emphasizes that Leeward never expressly named Allied as an insured under the Policy, and First Mercury argues that Allied is not an additional insured as described in Endorsement 5071

because Allied and Leeward did not execute the Subcontract until after the Incident.  First Mercury also argues that, even assuming *arguendo*, Allied meets the definition of an additional insured under the Policy, coverage is barred by other endorsements and exclusions, including the Contractual Liability Exclusion and the Independent Contractors Endorsement.  First Mercury emphasizes that the Underlying Action will not address the issues relevant to the Policy's exclusions and endorsements.

First Mercury essentially argues that there is no overlapping issue in the instant case and the Underlying Action because it is a foregone conclusion that Allied is not an additional insured as defined in Endorsement 5071.  This Court disagrees.  Leeward has presented a plausible argument that Endorsement 5071 is ambiguous as to the meaning of the phrase "have agreed in writing in a contract or agreement" and, read liberally in favor of the insured, Endorsement 5071 may not require that the writing be signed.  At a later stage of this case, this Court will determine whether Leeward's argument is the correct interpretation of Endorsement 5071 and, if so, whether Leeward and Allied's agreement satisfies the requirements of Endorsement 5071.  This Court, however, cannot make those determinations without first making factual determinations about what the circumstances and terms of their agreement were.  Those

factual issues clearly overlap with the factual issues in the
Underlying Action, in particular the Underlying Counterclaim.

This Court also disagrees with First Mercury's argument
that this Court should ignore the overlapping factual issues
regarding whether Allied was an additional insured because, even
assuming *arguendo* that Allied was an additional insured at the
time of the Incident, other exclusions and endorsements preclude
coverage.  First Mercury's argument would have some merit if
First Mercury conceded that, at the time of the Incident, Allied
and Leeward had an agreement which satisfied the requirements of
Endorsement 5071.  First Mercury, however, has not made such a
concession and has put that issue squarely before this Court,
seeking a ruling in its pending Motion for Summary Judgment that,
as a matter of law, Allied is not an additional Insured under the
Policy.[6]  [Mem. in Supp. of Motion for Summary Judgment, filed
7/22/13 (dkt. no. 28-3), at 20-22.]  Nor would it be appropriate
for this Court to invite or allow First Mercury to concede this
issue to avoid abstention.  Such a concession could be
prejudicial in the Underlying Action and may lead to inconsistent
judgments.

As to whether this case presents unsettled issues of
state law, this Court notes that there appears to be no Hawai`i

---

[6] First Mercury's Motion for Summary Judgment is currently
set for hearing before this Court on October 28, 2013.

case law addressing the issue of whether insurance policy language regarding additional insureds, such as in the Policy at issue in this case, requires a signed, written contract prior to the incident for which coverage is sought.  This Court, however, is familiar with the well-established, general principles set forth in Hawai`i insurance case law, and this Court has on numerous occasions interpreted insurance policies pursuant to Hawai`i law to determine the scope of an insurer's duties to an insured.  See, e.g., State Farm Fire & Cas. Co. v. Miya, Civil No. 12-00487 LEK-BMK, 2013 WL 3305437 (D. Hawai`i June 28, 2013); Nautilus Ins. Co. v. 3 Builders, Inc., June 24, 2013, 2013 WL 3223643 (D. Hawai`i June 24, 2013); Lee v. Gov't Emps. Ins. Co., Civil No. 11-00782 LEK-BMK, 2013 WL 690609 (D. Hawai`i Feb. 25, 2013).  Although this Court is able to analyze the state law issues presented in this case, there are overlapping issues between this case and the Underlying Action and there is a presumption that the entire suit should be heard in the parallel state proceeding.  See Dizol, 133 F.3d at 1225.  This Court therefore finds that the first Brillhart factor weighs in favor of dismissing or staying the instant declaratory action.

**B.  Discouraging Forum Shopping**

The second Brillhart factor "is understood to favor discouraging an insurer from forum shopping, *i.e.*, filing a federal court declaratory action to see if it might fare better

in federal court at the same time the insurer is engaged in a state court action." Am. Cas. Co. v. Krieger, 181 F.3d 1113, 1119 (9th Cir. 1999). Where a "declaratory judgment suit is defensive or reactive, that would justify a court's decision not to exercise jurisdiction." Cont'l Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1371 (9th Cir. 1991). "Typically, 'reactive declaratory judgment actions' occur when a party sues in federal court to determine their liability after the commencement of a state court action." Gemini, 2009 WL 3378593, at *8 (citing Dizol, 133 F.3d at 1225). This Brillhart factor also weighs in favor of declining jurisdiction where "a federal plaintiff seeks declaratory relief in anticipation that a related state court proceeding may be filed." Budget Rent-A-Car v. Crawford, 108 F.3d 1075, 1081 (9th Cir. 1997), overruled in part on other grounds by Dizol, 133 F.3d at 1227. "A suit is anticipatory when the plaintiff filed upon receipt of specific, concrete indications that a suit by defendant was imminent." Z-Line Designs, Inc. v. Bell'O Int'l LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003).

In the instant case, there is no indication that any party gained or lost an advantage based upon the mere filing of this declaratory action. Cf. Nat'l Union, 829 F. Supp. 2d at 924 ("It does not appear that any party is any worse an offender than any other party in terms of filing declaratory actions as a means

of forum shopping."). This Court therefore finds that this factor is neutral in determining whether to exercise its discretionary jurisdiction over this case.

### C.   Avoiding Duplicative Litigation

As to the third Brillhart factor, there is a presumption that the district court should decline jurisdiction "[i]f there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed." Dizol, 133 F.3d at 1225. "When 'another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in gratuitous interference if it permitted the federal declaratory action to proceed.'" Stewart Title Co. v. Investors Funding Corp., Civ. No. 09-00455 SOM/KSC, 2010 WL 1904981, at *6 (D. Hawai`i May 11, 2010) (quoting Wilton, 515 U.S. at 283). This Court, however, acknowledges that, "[t]he pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief." Dizol, 133 F.3d at 1225. Further, "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." Id.

The Underlying Action will not resolve all of the issues in the instant case. The Underlying Action - in particular the Underlying Crossclaim - will, however, address

issues which this Court must consider as a preliminary matter in the instant case.  This Court's ruling on the issue of whether Allied is an additional insured under the Policy will require factual determinations regarding the circumstances and terms of the agreement between Allied and Leeward.  Those factual issues are before the state court in the Underlying Action, and allowing the two actions to proceed simultaneously would create duplicative litigation.  This Court therefore finds that the third Brillhart factor weighs in favor of dismissing or staying the instant declaratory action.

## II.  Other Factors

In addition to the Brillhart factors, this Court has also weighed the "other considerations" identified in Dizol.  The instant case will not resolve all aspects of the controversy between Leeward and Allied, or as to Iniki, which is a defendant in the Underlying Action but which is not currently a defendant in the instant case.[7]  The instant case would serve a useful purpose in clarifying the legal relationships between First Mercury and Allied and Leeward, but, in light of the overlapping

---

[7] Leeward has filed a motion seeking to join Iniki's insurer, Steadfast Insurance Company, and Iniki's agent, Noguchi & Associates, Inc., as additional counterclaim defendants in the instant case.  [Motion to Join Additional Parties, filed 7/19/13 (dkt. no. 24).]  That motion and Allied's Motion for Leave to Amend Its Answer to Assert a Counterclaim, [filed 7/19/13 (dkt. no. 22),] are set for hearing before the magistrate judge on October 28, 2013.

issues discussed above, that clarification would come with a risk of inconsistent judgments, piecemeal litigation, and entanglement between the federal and state courts.  This Court also notes that, although there is no indication that First Mercury engaged in procedural fencing when it brought the instant case or that it sought to secure a res judicata advantage in favor of one party over another in the Underlying Action, if this Court allows the instant case to proceed simultaneously with the Underlying Action, rulings in this case may impact the rights of the parties in the Underlying Action.  Finally, because of the duplicative litigation that would result from allowing the cases to proceed simultaneously, any convenience for First Mercury from the immediate litigation of the declaratory action is outweighed by the burden upon Leeward and Allied.

The combination of these additional considerations and the Brillhart factors discussed above cumulatively weigh against the discretionary exercise of jurisdiction.  This Court therefore declines to exercise its discretionary jurisdiction over this declaratory action.

## III. Dismissal or Stay

"The use of stays instead of dismissal has been approved by courts in this circuit upon finding the [Brillhart] factors warrant declining jurisdiction."  Axis Surplus Ins. Co. v. McCarthy/Kiewit, Civil No. 10-00595 LEK-BMK, 2012 WL 112544,

18

at *12 (D. Hawai`i Jan. 12, 2012) (citation and quotation marks

omitted).  In <u>Axis Surplus</u>, this Court noted that, where "the

parallel state proceeding provides the strongest basis for

abstention," the federal declaratory action should "not be

dismissed but instead . . . be stayed pending resolution of the

state court litigation."  <u>Id.</u> (citing <u>Wilton v. Seven Falls Co.</u>,

515 U.S. 277, 288 n.2 (1995) ("We note that where the basis for

declining to proceed is the pendency of a state proceeding, a

stay will often be the preferable course, because it assures that

the federal action can proceed without risk of a time bar if the

state case, for any reason, fails to resolve the matter in

controversy.")).  This Court therefore finds that a stay, rather

than dismissal, is appropriate in this case.

<u>**CONCLUSION**</u>

On the basis of the foregoing, Leeward's Motion for

Abstention or, in the Alternative, to Stay, filed August 7, 2013,

and Allied's substantive joinder in Leeward's Motion, filed

August 14, 2013, are HEREBY GRANTED insofar as this Court STAYS

the instant case pending the resolution of the Underlying Action

in state court.

19

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 24, 2013.



           /s/ Leslie E. Kobayashi
           Leslie E. Kobayashi
           United States District Judge

**FIRST MERCURY INS. CO. V. RIVIERA, ET AL.**, CIVIL NO. 12-00461
LEK-KSC; ORDER GRANTING DEFENDANT/COUNTER CLAIMANT CLAYTON A.
RIVERA'S MOTION FOR ABSTENTION OR, IN THE ALTERNATIVE, TO STAY
AND GRANTING DEFENDANT RAM CORPORATION'S SUBSTANTIVE JOINDER